Filed 7/22/14  In re Dylan L. CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8,1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re DYLAN L., <br><br> a Person Coming Under the Juvenile Court Law. | B254061 <br><br> (Los Angeles County <br> Super. Ct. No. J116540) |
| THE PEOPLE, <br><br>        Plaintiff and Respondent, <br><br> v. <br><br> DYLAN L., <br><br>        Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Robert Leventer, Juvenile Court Referee.  Affirmed.

Dylan L., in pro. per., and Kevin D. Sheehy, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

## FACTUAL AND PROCEDURAL BACKGROUND

On December 6, 1988 the People filed a Welfare and Institutions Code section 602 petition alleging Dylan L., then 16 years old, had committed arson in violation of Penal Code section 451, subdivision (b). After Dylan admitted the allegation in December 1989, the juvenile court sustained the petition, declared Dylan a ward of the court, and ordered him home on probation.

On April 10, 2013, having reached the age of 38 years, Dylan filed a petition under Welfare and Institutions Code section 781 to seal and destroy his juvenile court records. In his petition, Dylan admitted that he "has suffered numerous misdemeanor and felony convictions subsequent to the instant matter," but maintained that his post-conviction rehabilitation efforts had been successful. In response to the petition, the probation department filed a report indicating that Dylan had an adult criminal history of misdemeanor convictions for forgery in 1992, fraud in 1996, and burglary in 1997. Dylan had felony convictions and was sentenced to state prison for grand theft and burglary in 1997, forgery in 1999 and 2000, grand theft and forgery in 2001, and robbery or attempted robbery in 2007.

In a court form entitled "Petition to Seal Juvenile Court Records and Court Order" dated November 15, 2013, the juvenile court denied Dylan's petition. The court checked the preprinted box indicating "[a]dult criminal record has been established" as the reason for the denial.[1]

## DISCUSSION

We appointed counsel to represent Dylan on appeal. After reviewing the record, counsel filed an opening brief raising no issues. On May 9, 2014 we advised Dylan that

---

[1] In response to a request by appellate counsel, the superior court clerk advised that there is no minute order for the hearing on the petition and no reporter's transcript.

he had 30 days to submit any contentions or issues he wished us to consider. On June 6, 2014 we received a typed supplemental brief in which he requested this court "to consider post-conviction rehab [*sic*] as a separate and equitable ground for the expunction of juvenile convictions . . . ."

We have examined the record and are satisfied that Dylan's attorney on appeal has fully complied with the responsibilities of counsel and there are no arguable issues. (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441.) Dylan is statutorily ineligible to have his juvenile court records sealed because he suffered subsequent felony convictions and misdemeanor convictions involving moral turpitude. (See Welf. & Inst. Code, § 781, subd. (a).)

**DISPOSITION**

The order is affirmed.

SEGAL. J.[*]

We concur:

PERLUSS, P.J.                                        ZELON, J.

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.